IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-499

 No. COA19-288-2

 Filed 21 September 2021

 Cabarrus County, No. 17 CRS 052061-63, 18 CRS 000550
 STATE OF NORTH CAROLINA

 v.
 BRANDON SCOTT GOINS, Defendant.

 Appeal by Defendant from judgments entered 21 September 2018 by Judge

 Christopher W. Bragg in Cabarrus County Superior Court. Heard in the Court of

 Appeals 5 December 2019, and opinion filed 4 February 2020. Remanded to this

 Court by the North Carolina Supreme Court on 11 June 2021 by 2021-NCSC-65 for

 consideration of Defendant’s remaining arguments on appeal.

 Attorney General Joshua H. Stein, by Assistant Attorney General Catherine F.
 Jordan, for the State.

 Joseph P. Lattimore for defendant-appellant.

 MURPHY, Judge.

¶1 This case returns to this Court after our Supreme Court reversed the opinion

 in State v. Goins, 269 N.C. App. 618, 839 S.E.2d 858 (2020), and remanded the matter

 to our Court “to address the remaining issues raised by [D]efendant on appeal.” State

 v. Goins, 2021-NCSC-65, ¶ 20.

¶2 The remaining issues presented by Defendant’s appeal are as follows: (1) “Did
 STATE V. GOINS

 2021-NCCOA-499

 Opinion of the Court

 the trial court commit plain error in permitting Lieutenant Smith to interpret video

 footage of the incident to ‘corroborate’ witness testimony and comment on

 [Defendant’s] guilt?”; and (2)

 Did the trial court commit plain error by failing to instruct
 the jury on the lesser-included offense of attempted
 voluntary manslaughter where the video evidence created
 a conflict about who fired first and thereby produced the
 requisite evidence to show [Defendant] fired his gun in the
 heat of blood upon adequate provocation?

¶3 Assuming, arguendo, that the trial court’s alleged failures to act were in error,

 Defendant cannot demonstrate any alleged error rose to the level of plain error. Our

 Supreme Court has established what a defendant must demonstrate in order for a

 trial court’s error to rise to the level of plain error:

 [T]o demonstrate that a trial court committed plain error,
 the defendant must show that a fundamental error
 occurred at trial. To show fundamental error, a defendant
 must establish prejudice—that, after examination of the
 entire record, the error had a probable impact on the jury’s
 finding that the defendant was guilty. Further, . . . because
 plain error is to be applied cautiously and only in the
 exceptional case, the error will often be one that seriously
 affects the fairness, integrity or public reputation of
 judicial proceedings.

 State v. Maddux, 371 N.C. 558, 564, 819 S.E.2d 367, 371 (2018) (marks and citations

 omitted) (quoting State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012)).

¶4 In State v. Lawrence, our Supreme Court had reaffirmed the legal principles

 applicable to plain error review and concluded that the defendant failed to meet his
 STATE V. GOINS

 2021-NCCOA-499

 Opinion of the Court

 burden of demonstrating such error. State v. Lawrence, 365 N.C. 506, 518-19, 723

 S.E.2d 326, 334-35 (2012).

 Specifically, [in Lawrence, our Supreme Court] held that
 the trial court’s instruction on conspiracy to commit
 robbery with a dangerous weapon was erroneous; however,
 [it] determined that the error was not plain error, because
 in light of the overwhelming and uncontroverted evidence,
 [the] defendant cannot show that, absent the error, the jury
 probably would have returned a different verdict.

 Maddux, 371 N.C. at 564-65, 819 S.E.2d at 371 (marks omitted). In accordance with

 Lawrence, for us to find prejudice to a defendant under plain error review “[the]

 [d]efendant must demonstrate that absent the error, the jury probably would have

 reached a different result.” Id. at 565, 819 S.E.2d at 371-72 (marks omitted).

¶5 Our Supreme Court has already examined and evaluated the strength of the

 evidence in this case:

 We also examine the evidence presented to the jury. The
 State presented evidence that [D]efendant was violating
 his probation and would rather kill himself or be killed by
 the police than go back to jail. Several witnesses testified
 that [D]efendant’s gun was loaded with bullets designed to
 cause more serious injuries, which are colloquially referred
 to as “cop-killers.” The State’s witnesses also testified that
 when [D]efendant was eventually located by police, he
 pointed his gun directly at a police officer in the midst of
 the pursuit. Furthermore, after Detective Hinton clearly
 identified himself as a police officer, [D]efendant turned
 around, drew his weapon, and fired at the officer. Multiple
 witnesses testified that [D]efendant shot first and that
 Detective Hinton only returned fire after [D]efendant’s
 first shot. In addition, the hotel surveillance video which
 STATE V. GOINS

 2021-NCCOA-499

 Opinion of the Court

 was played for the jury at trial showed the shootout
 between [D]efendant and Detective Hinton. Between the
 video and the testimony of eyewitnesses who corroborated
 the State’s account of events, “virtually uncontested”
 evidence of [D]efendant’s guilt was submitted to the jury for
 its consideration.

 ....

 Therefore, we cannot conclude that [D]efendant has met
 his burden of showing that “there is a reasonable
 possibility that, had the error in question not been
 committed, a different result would have been reached” at
 trial. N.C.G.S. § 15A-1443 (2019).

 Goins, 2021-NCSC-65 at ¶¶ 15, 19 (emphasis added).

¶6 In making this determination, our Supreme Court did not rely upon the

 contested evidence Defendant mentions in the first remaining issue, namely the

 testimony from Lieutenant Smith interpreting video footage of the incident in order

 to “corroborate” witness testimony. Furthermore, our Supreme Court arrived at this

 view of the evidence and its impact on the verdict while applying a less taxing

 standard of “reasonable possibility” compared to the “reasonable probability” of a

 different result that must be shown to amount to plain error. Id. at ¶ 19.

¶7 In light of our Supreme Court’s interpretation of the evidence presented at

 trial, any alleged error does not rise to the level of plain error in the face of “‘virtually

 uncontested’ evidence of [D]efendant’s guilt[.]” Id. at ¶15. To arrive at a different

 result and view of the evidence presented would create a paradox in which we could

 collaterally undermine the analysis of our Supreme Court. It is axiomatic that when
 STATE V. GOINS

 2021-NCCOA-499

 Opinion of the Court

our Supreme Court, applying the same or a less taxing standard of review, has

already determined and relied upon the impact of unchallenged evidence, we cannot

take a different view of the evidence presented or the impact thereof. Defendant has

failed to show that any alleged error rose to the level of plain error.

 NO PLAIN ERROR.

 Judges TYSON and CARPENTER concur.